UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |  |
|---|---|---|
| | X | |
| KIMBERLY, LLC, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. _____ |
| | : | |
| v. | : | **COMPLAINT** |
| | : | |
| SLEEP OPTIONS, LLC, | : | |
| | : | |
| Defendant. | : | |
| | X | |

**INTRODUCTION**

Plaintiff Kimberly, LLC, by its attorney, Mintz & Gold LLP, for its Complaint against Defendant Sleep Options, LLC, alleges as follows:

1.      Through a series of transactions, the registered trademarks "DEFEND-A-BED" and "DEFENDABED" ("Sleep Options Trademarks") that once belonged to Plaintiff Kimberly now belong to Defendant Sleep Options, along with collateral rights associated with the Sleep Options Trademarks, including a set of Amazon Standard Identification Numbers ("ASINs").

2.      But Sleep Options has made unauthorized use of six other ASINs—unique Amazon product identification numbers—which Sleep Options did not acquire and are owned by Kimberly.

3.      The ASINs owned by Kimberly have long been associated with legacy Kimberly products which were never sold under the Sleep Options Trademarks.

4.      Kimberly has built value in its ASINs through its long history of significant sales of products under its registered trademark VIBE, which Amazon rewards with higher ranking and more prominent positioning of Kimberly's products on the Amazon.com e-commerce

website.

5.      On information and belief, Sleep Options has seized Kimberly's ASINs because they are of greater commercial value than the ASINs it acquired when it purchased the Sleep Options Trademarks.

6.      Sleep Options has further used Kimberly's ASINs in a manner that deceives Amazon customers and is likely to create consumer confusion, mistake, and/or deception as to the source of products sold under the Sleep Options Trademarks and under Kimberly's VIBE trademark.

7.      Thus, a dispute has arisen regarding who has the right to use Kimberly's ASINs and which trademarked products can be sold to consumers on Amazon.com in association with which ASINs.

8.      Plaintiff Kimberly, therefore, brings this action under: (i) the United States Trademark Act of 1946 ("Lanham Act") Section 43(a) (15 U.S.C. § 1125(a)) for false advertising and false designations of origin, false endorsement, and false association; (ii) the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202), and (iii) statutory and common law of the state of New York for false advertising, unfair competition, and breach of contract.

PARTIES

9.      Plaintiff Kimberly, LLC is a limited liability company organized under the laws of Delaware.

10.     Kimberly's principal place of business is at 124 Davids Hill Road, Bedford Hills, New York 10507.

11.    Kimberly, through its licensees and predecessors in interest, has engaged in the manufacture, distribution, and retail sale in the United States of bed and sleep-related products.

12.    On information and belief, Defendant Sleep Options, LLC is a limited liability company organized under the laws of Delaware.

13.    On information and belief, Defendant Sleep Options, LLC's principal place of business is 4440 PGA Boulevard, Suite 600, Palm Beach Gardens, Florida 33410.

14.    Sleep Options, LLC is a retailer specializing in sleep-related merchandise.

**JURISDICTION AND VENUE**

15.    This Court has jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

16.    On information and belief, Defendant has purposefully availed itself of the privilege of transacting business in this Judicial District.

17.    Venue is therefore proper within this Judicial District under 28 U.S.C. §§ 1391(b) and (c).

**FACTS**

***Background on the parties***

<u>Kimberly and its VIBE-branded Mattress Pads</u>

18.    As noted, Kimberly, through its licensees and predecessors in interest, has engaged in the manufacture, distribution, and retail sale in the United States of bed and sleep-related products continuously since 2002.

19.    Kimberly owns the registered trademark VIBE (U.S. Registration No. 5,481,768)

for the sale of products including, but not limited to, mattresses, pillows, mattress toppers, mattress pads, mattress foundations, and beds.

20.     In or about July 2020, Kimberly, through its predecessor, assigned the ASINs B00MWTKF8E, B00MWTKFB6, B00MWTKF8Y, B00MWTKF16, B00MWTKBHO, and B00MWTKBP6 for the sale of the MP1001 product family of mattress pads under its VIBE trademark on Amazon, (the "Kimberly ASINs").

21.     Continuously since the Kimberly ASINs were first branded as VIBE and associated with the MP1001 product family in the Amazon Vendor Central system, the Kimberly ASINs have been associated with sales of VIBE-branded mattress pads.

22.     Currently, Kimberly licenses its VIBE trademark exclusively to non-party Sinomax USA, Inc. for the manufacture, distribution, and sale of mattress pads, among its other bed and sleep-related products.

23.     Through its exclusive licensee Sinomax, Kimberly sells mattress pads, and other bed and sleep-related products, under its VIBE trademark on Amazon.

Sleep Options Acquisition of the Sleep Options Trademarks

24.     Kimberly is the former owner of the Sleep Options Trademarks.

25.     Kimberly originally sold the Sleep Options Trademarks to KMB Acquisition, LLC through a suite of agreements executed October 16, 2023.

26.     Under that suite of agreements, successors in interest and assigns were bound by the terms of the agreements.

27.     Sleep Options subsequently acquired the Sleep Options Trademarks and with

them ASINs B00MWTKBD8, B00MWTK87M, B00MWTK28C, B00MWTK2L4,

B07HYVKXH9, B07HYMQP6C, B07HYVWCBQ, B07HYWV1XH (the "Acquired ASINs")

created for the sale of mattress pad products under the Sleep Options Trademarks on Amazon.

28.    On information and belief, Sleep Options is an assignee or successor in interest to

KMB Acquisition, as those terms were used in the October 16, 2023 agreements regarding the

Sleep Options Trademarks.

29.    Under the terms of the October 16, 2023 transaction agreements, the Kimberly

ASINs, assigned to Kimberly's VIBE products, were ***not*** identified as assets Kimberly conveyed.

30.    The underlying transactions involved sophisticated parties who were represented

by sophisticated counsel.

31.    And those sophisticated business negotiators did not list the Acquired ASINs as

part of the transaction.

***ASINs***

32.    On information and belief, Amazon uses ASINs as a product management tool.

33.    On information and belief, Amazon assigns an ASIN as a unique identifier to each

product listed on Amazon's website.

34.    On information and belief, Amazon uses ASINs to help in organizing and

cataloging products available within Amazon's inventory.

35.    On information and belief, each product sold on Amazon has a unique ASIN. This

helps avoid confusion among items available on Amazon's platform.

36.    On information and belief, Amazon assigns each ASIN to a unique e-commerce

page on Amazon.com for the sale of a respective product.

37.    On information and belief, knowledgeable customers can use an ASIN to directly search for specific products on Amazon.

38.    On information and belief, Amazon then uses the ASINs to track product-specific sales data, such as pricing, availability, and customer reviews.

39.    On information and belief, a product that has existed on, and been sold on, Amazon has an existing ASIN, with associated sales history, including past customer reviews.

40.    On information and belief, Amazon ranks and positions products based on sales data associated with the products' ASINs, and products with higher sales, longer histories of sales, and more customer reviews, among other criteria, are ranked higher by Amazon and positioned more prominently to Amazon customers.

41.    On information and belief, Amazon customers learn about products—and make buying decisions—based on product information displayed on e-commerce pages and based on products' ranking and positioning on Amazon and other data points associated each unique ASIN, including without limitation, customer reviews.

42.    Kimberly, and its exclusive licensee Sinomax, have spent considerable time and effort into building the value of the Kimberly ASINs used for the sale of VIBE mattress pads on Amazon.

43.    Those efforts include the years of sales associated with customer purchases of VIBE-branded mattress pads and accompanying customer reviews.

44.    Kimberly's history of customer satisfaction and the accompanying customer

reviews associated with the Kimberly ASINs plays a critical role in marketing VIBE mattress pad products on Amazon's platform.

***Sleep Options' Unlawful Acts***

45.     In or around June 2024, Sleep Options caused Amazon to allow Sleep Options to use the Kimberly ASINs to display and purportedly sell DEFEND-A-BED-branded mattress pad products, even though Sleep Options obtained no rights nor authorization from Kimberly to access and use the Kimberly ASINs and their associated Amazon e-commerce pages.

46.     Without authority or rights, Sleep Options caused Amazon to display product names, product images, and product information about Sleep Option's mattress pads on Amazon e-commerce pages associated with the Kimberly ASINs.

47.     Based on Sleep Options' unauthorized use of the Kimberly ASINs, Amazon customers now encounter mattress pads branded with the Sleep Options Trademarks on the e-commerce pages associated with the Kimberly ASINs.

48.     At least as early as September 2024, and as a direct result of Sleep Options' unauthorized acts, Amazon customers who believe they are purchasing DEFEND-A-BED-branded mattress pads, which are displayed on the Kimberly ASINs' e-commerce pages, are shipped different products from Amazon, namely, VIBE-branded mattress pads.

49.     As a result of its unauthorized acts, namely, by hijacking the Kimberly ASINs, Sleep Options is deceiving Amazon customers, who rely on the product name, images, and information displayed on Amazon e-commerce pages to make their purchasing decisions—but who receive different products after placing their order.

50.     Further, Sleep Options is causing Kimberly financial harm because the mattress pads Sleep Options caused to be displayed on the Kimbery ASINs' e-commerce pages generate fewer sales than VIBE-branded mattress pads.

51.     Kimberly's VIBE-branded mattress pads are higher-quality products with substantially more goodwill associated with them than the products Sleep Options acquired and markets under the Sleep Options Trademarks.

52.     By hijacking the Kimberly ASINs, Sleep Options has additionally created conditions for consumer confusion and/or mistake as to the origin of the products offered for sale under the Sleep Options Trademarks vs. the products delivered to purchasing customers branded with the VIBE trademark.

53.     Further, Sleep Options has caused conditions for consumers, who purchase mattress pads branded with the Sleep Options Trademarks but are delivered VIBE-branded mattress pads, to mistakenly believe there is an association or endorsement arrangement between the sources of the Sleep Options Trademarks and Kimberly's VIBE trademark, when no such association or endorsement exists.

54.     On information and belief, Sleep Options hijacked the Kimberly ASINs because the Kimberly ASINs possess more valuable ranking, positioning, and customer reviews on Amazon than the Acquired ASINs.

55.     Based on the foregoing, the parties have a presently justiciable controversy over who should be able to sell products using the Kimberly ASINs.

56.     Kimberly therefore requires a judicial declaration that it—and not Sleep

Options—is entitled to use the Kimberly ASINs to sell products.

57.     Absent such a declaration, the parties' dispute will continue unabated.

58.     Kimberly further requires that Sleep Options be enjoined from use of the Kimberly ASINs.

59.     Finally, Kimberly requires a judgment for monetary relief.

**FIRST COUNT – FALSE ADVERTISING (15 U.S.C. § 1125(a)(1)(B))**

60.     Kimberly repeats and realleges the allegations set forth in paragraphs 1–59 above, as though fully set forth here.

61.     Count I for false advertising arises under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

62.     The statements that Sleep Options have made on the Amazon e-commerce pages associated with the Kimberly ASINs constitute advertising and/or commercial promotion.

63.     Sleep Options has caused the Kimberly ASINs' e-commerce pages on Amazon to contain false, misleading, and/or deceptive statements about the nature, characteristics, qualities, and/or origin of the products that are available for sale and that Amazon ships to purchasing customers.

64.     The false, misleading, and/or deceptive statements Sleep Options has made in the Kimberly ASINs' e-commerce pages are material to Amazon customers' purchasing decisions.

65.     Sleep Options placed its products into interstate commerce by offering to sell its products on Amazon e-commerce pages associated with the Kimberly ASINs.

66.     Upon information and belief, Sleep Options' acts and conduct complained of

herein constitute false advertising in violation of 15 U.S.C. § 1125(a)(1)(B).

67.    Kimberly has suffered, and will continue to suffer, irreparable harm from Sleep

Options' acts and conduct complained of herein, unless restrained by law.

68.    Kimberly has suffered monetary damages as a direct and proximate result of

Sleep Options' acts and conduct complained of herein, in an amount to be determined at trial.

SECOND COUNT – UNFAIR COMPETITION, FALSE ENDORSEMENT, FALSE
ASSOCIATION, AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)(1)(A))

69.    Kimberly repeats and realleges the allegations set forth in paragraphs 1–59 above,

as though fully set forth here.

70.    Count II for unfair competition, false endorsement, false association, and false

designation of origin arises under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §

1125(a)(1)(A).

71.    Upon information and belief, Sleep Options' acts and conduct complained of

herein constitute unfair competition, false endorsement, false association, and/or false

designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A).

72.    Kimberly has suffered, and will continue to suffer, irreparable harm from Sleep

Options' acts and conduct complained of herein, unless restrained by law.

73.    Unless restrained and enjoined, Sleep Options' acts and conduct complained of

herein will cause Kimberly damage for which there is no remedy at law.

THIRD COUNT – FALSE ADVERTISING (NEW YORK GENERAL BUSINESS LAW § 350)

74.    Kimberly repeats and realleges the allegations set forth in paragraphs 1–59 above,

as though fully set forth here.

75.     Count III is a claim for false advertising under New York General Business Law §
350.

76.     By hijacking the Kimberly ASINs, Sleep Options has caused e-commerce pages
on Amazon assigned to the Kimberly ASINs to contain false, misleading, and/or deceptive
statements about the nature, characteristics, qualities, and/or origin of the products that are
available for sale and that Amazon ships to purchasing customers.

77.     For their purchasing decisions, Amazon customers rely on the false, misleading,
and/or deceptive statements Sleep Options has caused to appear on e-commerce pages assigned
to the Kimberly ASINs.

78.     As a result of Sleep Options' unauthorized acts and conduct, these consumers
have been deceived by Sleep Options as to the products they are purchasing.

79.     Upon information and belief, Sleep Options' acts and conduct complained of
herein constitute false advertising in violation of New York General Business Law § 350.

80.     Kimberly has suffered, and will continue to suffer, irreparable harm from Sleep
Options' acts and conduct complained of herein, unless restrained by law.

81.     Kimberly has no adequate remedy of law.

**FOURTH COUNT – UNFAIR COMPETITION UNDER NEW YORK COMMON LAW**

82.     Kimberly repeats and realleges the allegations set forth in paragraphs 1–59 above,
as though fully set forth here.

83.     Count IV is a claim for unfair competition arising under New York common law.

84.     Upon information and belief, Sleep Option's acts and conduct complained of

herein constitute unfair competition in violation of New York common law.

85.    Kimberly has suffered, and will continue to suffer, irreparable harm from Sleep Options' acts and conduct complained of herein, unless restrained by law.

86.    Kimberly has no adequate remedy at law.

### FIFTH COUNT – BREACH OF CONTRACT UNDER NEW YORK COMMON LAW

87.    Kimberly repeats and realleges the allegations set forth in paragraphs 1–59 above, as though fully set forth here.

88.    Count V arises under New York common law for breach of contract.

89.    Kimberly and KMB Acquisition, LLC executed the October 2023 agreements.

90.    Those valid and binding agreements bound KMB Acquisition, LLC's successors in interest and assigns.

91.    On information and belief, Sleep Options is an assignee or successor in interest to KMB Acquisition, LLC.

92.    In the October 2023 agreements, KMB Acquisition, LLC acquired the right to the Sleep Options Trademarks, but not to the Kimberly ASINs.

93.    Thus, Sleep Options use—or future use—of the Kimberly ASINs has breached— or will breach—the October 2023 agreements between Kimberly and KMB Acquisition, LLC.

94.    As a direct and proximate result of Sleep Options' actions, Kimberly has suffered damages.

### SIXTH COUNT – DECLARATORY JUDGMENT FOR BREACH OF CONTRACT (28 U.S.C. §§ 2201 and 2202)

95.    Kimberly repeats and realleges the allegations set forth in paragraphs 1–59 above,

as though fully set forth here.

96.    Count VI for declaratory judgment arises under 28 U.S.C. §§ 2201 and 2202.

97.    Kimberly and KMB Acquisition, LLC executed the October 2023 agreements.

98.    Those valid and binding agreements bound KMB Acquisition, LLC's successors in interest and assigns.

99.    On information and belief, Sleep Options is an assignee or successor in interest to KMB Acquisition, LLC.

100.    In the October 2023 agreements, KMB Acquisition, LLC acquired the right to the Sleep Options Trademarks, but not to the Kimberly ASINs.

101.    Sleep Options has repeatedly and falsely asserted its rights to use the Kimberly ASINs to sell products under the Sleep Options Trademarks.

102.    Sleep Options use of the Kimberly ASINs would breach the October 2023 agreements between Kimberly and KMB Acquisition, LLC.

103.    Sleep Options' use of the Kimberly ASINs has directly and proximately caused harm to Kimberly and will cause direct and proximate harm to Kimberly.

104.    Thus, there exists a controversy of sufficient immediacy and reality to warrant issuance of a declaratory judgment that Kimberly—not Sleep Options—has a right to use the Kimberly ASINs.

105.    Such a declaration is necessary and appropriate so that Kimberly may assert its exclusive right to use the Kimberly ASINs.

106.    Kimberly, therefore, is entitled to a Declaratory Judgment that it—and not Sleep

Options—is entitled to use the Kimberly ASINs.

**THEREFORE**, Kimberly demands judgment:

a.      Adjudging and decreeing that Sleep Options has engaged in deceptive false advertising;

b.      Adjudging and decreeing the Sleep Options has engaged in unfair competition, false endorsement, false association, and false designation of origin;

c.      Preliminarily and permanently enjoining Sleep Options from using the Kimberly ASINs;

d.      Awarding Kimberly actual damages in connection with Sleep Options' Lanham Act violations;

e.      Awarding Kimberly damages for breach of the October 2023 agreements in an amount to be determined at trial;

f.      Declaring that under the October 2023 agreements, Kimberly—and not Sleep Options—has a right to use the Kimberly ASINs;

g.      Award Sleep Options' its costs and reasonable attorneys' fees incurred in this matter; and

h.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Kimberly LLC requests a trial by jury in this matter.


Respectfully submitted,

Dated: October 25, 2024          **MINTZ & GOLD LLP**


By:            Kevin M. Brown
               600 Third Avenue, 25th Floor
               New York, New York 10016
               (212) 696-4848 (t)
               (212) 696-1231 (f)
               brown@mintzandgold.com

               **WISSING MILLER LLP**
               M.J. Williams
               Wendy E. Miller
               31 Hudson Yards, 11th Floor
               New York, NY 10001
               (212) 624-5153 (t)
               wmiller@wissingmiller.com
               mjwilliams@wissingmiller.com

               *Attorneys for Kimberly LLC*